Córdova Arone, Juez Ponente
*789 TEXTO COMPLETO DE LA SENTENCIA
En los recursos consolidados de epígrafe se solicita que revisemos una resolución del Departamento de Salud del 17 de abril de 1997, notificada en esa misma fecha. Mediante la referida resolución se concede un certificado de necesidad y conveniencia a los recurridos, Laboratorio Clínico Las Colinas.
Aun cuando de la faz de los documentos presentados ante nuestra consideración surge que el mismo debe ser desestimado por incumplimiento de nuestro Reglamento, consideramos pertinente exponer las razones en las que se basa nuestra decisión, en aras de que no se incurra posteriormente en los mismos errores cometidos en el presente caso.
En el caso que nos ocupa, el primer recurso de revisión (núm. KLAA-97-0019) fue presentado ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 23 de junio de 1997 y referido a este tribunal mediante orden de traslado el 11 de agosto de 1997. Posteriormente, el 15 de agosto de 1997, los recurrentes presentaron ante este foro un nuevo recurso, (Núm. KLRA-97-00488). Toda vez que ambos recursos son idénticos, el 16 de septiembre de 1997 ordenamos la consolidación de los mismos.
El 3 de octubre de 1997 la parte recurrida, Laboratorio Clínico Las Colinas, presentó una segunda Moción de Desestimación en la que solicitó, en síntesis, que desestimemos el presente caso por falta de jurisdicción. 
Procedemos a denegar el recurso por no haberse perfeccionado de acuerdo con la ley. Veamos.
Mediante la aprobación de la Ley de la Judicatura de 1994, según enmendada por la Ley Núm. 248 de 25 de diciembre de 1995, se estableció el Tribunal de Circuito de Apelaciones como tribunal intermedio entre el Tribunal Supremo y el Tribunal de Primera Instancia. El Art. 4.002 (g) de la referida ley sostiene que el Tribunal de Circuito de Apelaciones tendrá competencia para atender:

"g) Mediante auto de revisión, a ser expedido discrecionalmente, de las decisiones, reglamentos, órdenes y resoluciones de cualquier agencia administrativa, de acuerdo con los términos y condiciones establecidos por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico".

Por su parte, la See. 4.2 de la Ley Núm. 170 de 12 de agosto de 1988, mejor conocida como Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. see. 2172, (en lo sucesivo L.P.A.U.) dispone que:
"Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, dentro de un término de 30 días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la see. 2165 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo."
Cónsono con los preceptos de ley antes esbozados, la Regla 58 del Reglamento del Tribunal de Circuito de Apelaciones de 1 de mayo de 1996 dispone que el escrito inicial de revisión y sus cuatro (4) copias deberán ser presentados en la Secretaría del Tribunal de Circuito de Apelaciones.
En el caso que nos ocupa el Departamento de Salud emitió su decisión el 17 de abril de 1997, la cual fue notificada en esa misma fecha. El 7 de mayo de 1997 los recurrentes solicitaron reconsideración a dicha decisión. No habiendo el tribunal considerado la misma dentro del término de quince días desde que fue presentada, los recurrentes presentaron su primera solicitud de revisión ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 23 de junio de 1997.
*790 Como vemos, si bien el recurso de revisión fue presentado dentro del término jurisdiccional establecido para ello, no fue presentado ante el foro adecuado, según las disposiciones de ley que hemos esbozado.
Debido a ello, es forzoso concluir que procede denegar la expedición del auto solicitado por incumplimiento, tanto con la Ley de la Judicatura de 1994, como con los requerimientos establecidos en el reglamento que regula la práctica apelativa ante este foro.
Por otro lado, aun cuando consideráramos que el recurso de revisión se instó el 5 de agosto de 1997, tampoco tendría este Tribunal jurisdicción, toda vez que el mismo fue presentado fuera del término jurisdiccional, según lo dispone la see. 4.2 de la L.P.A.U., supra.
En términos de la jurisdicción apelativa que hoy ostentamos y utilizando los mismos criterios esbozados por nuestro Tribunal Supremo referentes al incumplimiento con su Reglamento cuando actúa en su función apelativa, resolvemos que los recursos que se presenten ante este foro deben cumplir con las disposiciones de ley y de nuestro Reglamento el cual regula el trámite en la presentación de escritos. El incumplimiento con dicho reglamento conlleva nuestra negativa a considerar el recurso y la consiguiente desestimación. Maldonado v. Pichardo, 104 D.P.R. 779 (1976). Luego de>casi un año de haber entrado en vigor la actual Ley de la Judicatura y a casi tres años de haber entrado en funciones este foro apelativo, es tiempo de más para que tanto los abogados, como las partes que invoquen nuestra jurisdicción, tomen el conocimiento debido y apliquen correctamente tanto la Ley de la Judicatura como el Reglamento del Tribunal de Circuito de Apelaciones de 1 de mayo de 1996 en sus comparecencias ante este tribunal.
Por los motivos antes expuestos se deniega el presente recurso de revisión por incumplimiento con las disposiciones de la Ley de la Judicatura de 1994 y con nuestro Reglamento.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 98 DTA 26
1. El 7 de julio de 1997 el Laboratorio Clínico presentó ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, una primera Moción de Desestimación.